Filed 1/13/21  P. v. Bishop CA4/2
See Dissenting Opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075594 |
| v. | (Super.Ct.No. RIF101137) |
| JAIME BILLY BISHOP, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I

# INTRODUCTION

In 2003, defendant and appellant Jaime Billy Bishop was convicted of first degree murder (Pen. Code,[1] § 187, subd. (a)) with a lying-in-wait special circumstance allegation (§ 190.2, subd. (a)(15)). Approximately 17 years later, defendant filed a petition for resentencing pursuant to Senate Bill No. 1437 (2017-2018 Reg. Sess.) and section 1170.95, which the trial court dismissed.

Defendant appeals from the postjudgment order dismissing his section 1170.95 petition for resentencing. Appointed appellate counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Under the circumstances of this case, we decline to exercise our discretion to conduct a full-scale *Wende* review and dismiss the appeal as abandoned.

# II

# FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 25, 2001, defendant helped Norbert "Bob" Nieto induce Bob's wife, Tisha, to meet them at a secluded rendezvous. Bob and defendant then lured Tisha into

---

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] A brief summary of the factual background is taken from this court's nonpublished opinion in defendant's prior appeal, case No. E035166. (*People v. Bishop* (Oct. 5, 2004, E035166) [nonpub. opn.].)

2

defendant's car. They choked and strangled her. They then dumped her body at a remote location.

On September 24, 2003, defendant was convicted of aiding and abetting first degree murder (§ 187, subd. (a)) while lying in wait (§ 190.2, subd. (a)(15)) and was sentenced to life imprisonment without the possibility of parole.

Defendant subsequently appealed, contending that the evidence was insufficient to support a lying-in-wait special circumstance finding. On October 5, 2004, we affirmed the conviction and sentence.

On January 1, 2019, Senate Bill No. 1437 became effective (2017-2018 Reg. Sess.), which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts . . . ." (§ 1170.95, subd. (a).)

On June 5, 2020, defendant in propria persona filed a petition for resentencing pursuant to section 1170.95, subdivision (a).

A hearing on the petition was held on July 31, 2020. At that time, the prosecutor advised the trial court that he had reviewed the record and shared his notes with defense counsel. The prosecutor also stated that "There were no instructions on felony murder or

natural and probable consequences. In fact, it was a special circumstance case. He [defendant] was sentenced to LWOP, meaning he was at least a major participant with reckless indifference. He cannot qualify. Based on the record of conviction, he cannot meet the basic elements of eligibility. So we would ask the Court to summarily deny the petition." Defendant's appointed counsel agreed with the prosecutor's "assertion of the facts and the record of conviction" and simply objected "for the record." The trial court noted that it was persuaded by the People's argument and dismissed the petition.

Defendant filed a timely notice of appeal on August 26, 2020.[3]

III

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him on appeal. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues,[4] and requesting this court to conduct an independent review of the record.

---

[3] We granted appellate counsel's request to take judicial notice of the record on appeal from defendant's prior appeal in case No. E035166.

[4] Appellate counsel notes the potential issues as: (1) whether defendant is eligible for relief under section 1170.95 given the facts as proffered by the People and agreed to by defense counsel; (2) whether defense counsel's objection for the record was sufficient to preserve any issue on appeal; and (3) whether the jury instructions from the underlying record on appeal, which reflect the jury was not instructed on either felony murder or the natural and probable consequences theory of aiding abetting, disqualifies defendant from potential relief under section 1170.95, subdivisions (d) and (e).

4

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.  Thus, no claim of error has been raised.

Review pursuant to *Wende*, *supra*, 25 Cal.3d 436 or its federal constitutional counterpart *Anders*, *supra*, 386 U.S. 738, in which we read the entire record ourselves to search for arguable grounds for reversal, is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*); *People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1032, review granted Oct. 14, 2020, S264278 [*Wende*'s constitutional underpinnings do not apply to appeals from the denial of postconviction relief, and when a defendant fails to file a supplemental brief, an appellate court may dismiss the appeal as abandoned].)

The right to *Anders*/*Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel.  (*Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano*, at pp. 500-501.)  The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."  (*Id.* at p. 501.)  While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not

5

constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to Pen. Code, §1016.5].)

While we acknowledge that a Court of Appeal may exercise its discretion to conduct an independent review of the entire record and that no legal authority prohibits us from doing so in the interests of justice (see *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273; *People v. Gallo* (2020) 57 Cal.App.5th 594, 598), we decline to do so in this case. Defendant's trial involved neither the felony-murder rule nor the natural and probable consequences doctrine. Thus, section 1170.95 and Senate Bill No. 1437 are inapplicable to defendant's murder conviction while lying-in-wait.

Because neither defendant nor his counsel has raised any claim of error in the trial court's dismissal of the petition at issue here and because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, we dismiss defendant's appeal as abandoned.

IV

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

I concur:


MENETREZ
J.

6

[*People v. Bishop*, E075594]

MILLER, J., Dissenting

Based upon *People v Flores* (2020) 54 Cal.App.5th 266 I would have conducted an independent review of the record "in the interest of justice."  (*Id*. at p. 269.)

MILLER                        

                                        Acting P. J.

1